UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NIKOLAY SHULIKOV, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 07-50-P-H |
| STATE OF MAINE, | ) |
| | ) |
| Respondent | ) |

RECOMMENDED DECISION

Nikolay Shulikov filed a 28 U.S.C. § 2254 petition challenging a 1996 conviction. He is serving a thirty-nine year sentence. However, Shulikov's original petition did not list a single ground. (Sec. 2254 Pet. at 6-11.) Shulikov attached a letter from the Maine State Prison business office regarding his court ordered restitution and money card and a good time summary report, both of which have some handwritten notations on them; however, I was not able to decipher the nature of Shulikov's Constitutional challenge, if he has one, from these documents. Accordingly, I ordered Shulikov to file an amended 28 U.S.C. § 2254 petition setting forth, in a comprehensible manner, one or more grounds that specify why he believes "he is in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a).

Shulikov responded by filing an amended petition on April 11, 2007. It appears the amended petition attempts to assert ineffective assistance by counsel, at trial and on appeal, regarding counts thirteen and fourteen of his 1995 indictment. Shulikov also reiterated his "good time" concerns in the amended petition.

Because Shulikov's conviction and sentencing occurred over ten years ago, it appeared to me the one-year statute of limitation for challenging his conviction and

sentence had expired. It did not appear to me that Shulikov was alleging any facts or legal theory that would bring his case within the parameters of the limited exceptions to the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1)(B)–(D). Shulikov's direct appeal was decided by the Maine Supreme Court in 1998. State v. Shulikov, 1998 ME 111, 712 A.2d 504. Certain of the counts were remanded for re-sentencing as a result of that decision. There were no further reported cases available to me. Because of the tolling provision found at 28 U.S.C. § 2244(d)(2), which provides that the time during which a properly filed application for state post-conviction or other collateral review is pending does not count toward any period of limitation, I ordered the State to supplement the record by providing me with docket entries regarding any post-appeal activity in state courts regarding Shulikov's conviction.

The State responded by providing me with a copy of the docket entries in a post-conviction case filed by Shulikov. On May 2, 2001, approximately six years ago, Justice Studstrup of the Maine Superior Court summarily dismissed Shulikov's state post-conviction. The reason for the dismissal was that the state one-year statute of limitations had expired approximately six months prior to the commencement of state court post-conviction proceedings. See 15 M.R.S.A. § 2128 (5)-(6).  No appeal was ever taken from that order and the State has located no additional docket entries regarding any other proceeding involving this conviction. The State also represents that to its knowledge there are no state court filings pertaining to a challenge to Shulikov's good time calculation.

I recommend that the Court summarily deny Shulikov 28 U.S.C. § 2254 relief. Shulikov's first and second grounds are claims concerning his indictment, his trial, and

his direct appeal.  Shulikov's state post-conviction was dismissed on May 2, 2001.  In my order to supplement I put Shulikov "on notice that there is a one-year statute of limitation for challenging his conviction and sentence which, with very limited exceptions, runs from the date on which his judgment became final by the conclusion of direct review or the expiration of the time for seeking that review."  (Docket. 4.)  In his amended petition Shulikov has not attempted to demonstrate why his 28 U.S.C § 2254 petition should be considered by the court despite its evident untimeliness.  (See Am. 28 U.S.C. § 2254 Pet. at 13-15.)   As for Shulikov's third ground concerning his good time reports, Shulikov's amended 28 U.S.C. § 2254 petition indicates that he took no steps to exhaust his remedies and the State has represented that its record confirms this inaction.  Exhaustion of state remedies is a necessary prerequisite to obtaining 28 U.S.C. § 2254 review.  See 28 U.S.C. § 2254(b)(1).

For these reasons I recommend that the Court summarily deny Shulikov 28 U.S.C. § 2254 relief.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

Dated:  May 8, 2007                    /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge

3